EMMA DES MOND, Administratrix, Respondent, v. JAMES KELLY, Appellant.

Kansas City Court of Appeals, April 1, 1912.

1. **PLEADING: Proof.** Where a petition alleged that the services of plaintiff, a practicing physician, were rendered to the son at the instance and request of the father of the defendant, proof of the necessity for the services, the approval of them while they were being rendered, and a promise to pay afterwards, sufficiently supported the allegations of the petition.

2. **PHYSICIANS AND SURGEONS: License.** In an action by a physician for services rendered, the question as to whether or not he was a regularly licensed practicing physician, is not an issue unless it is made so by answer.

Appeal from Buchanan Circuit Court.—*Hon. Wm. D. Rusk,* Judge.

AFFIRMED.

*Warren Rogers* for appellant.

The petition failed to state facts sufficient to constitute a cause of action in this, that the petition does not allege that Dr. Harry E. Des Mond was licensed by the proper authorities to practice medicine in the state of Missouri and the evidence failed to show that he was authorized to practice medicine in said state. Before a suit can be maintained for medical services rendered by a physician it must be pleaded and proved that the said physician was duly licensed to practice as such. Roeder v. Robinson, 202 Mo. 522; Railroad v. McDonald, 13 Ind. App. 212; Bowers v. Smith, 8 Ga. 74; Wooley v. Bell, 76 S. W. 797; Nelson v. Vicks, 51 S. W. 45; Westbrook v. Nelson, 57 Pac. 884; Accetta v. Lupa, 66 N. Y. S. 303.

*E. C. Hall* for respondent.

No motion in arrest of judgment was filed and, even if petition failed to state a cause of action, the

point cannot be raised in the appellate court. Dunlap v. Kelly, 130 Mo. App. 522; Warner v. Morin, 13 Mo. 455; Bowling v. McFarland, 38 Mo. 465.

BROADDUS, P. J.—This suit is to recover for medical services rendered by Doctor Des Mond in attending a minor son of defendant while he was sick at his grandfather's home in Plattsburg. Doctor Des Mond died a short time after the suit was begun and the cause was revived in the name of his administratrix. The petition, after giving defendant credit for thirty dollars paid, asks judgment for $197.50. The answer of defendant was a general denial, and specifically, that Emma Des Mond was never appointed administratrix of the estate of deceased.

The evidence of plaintiff was somewhat indefinite as to the number of visits that the doctor made in his attendance on the son, but it was shown that the son was sick about six weeks, and that the doctor visited him as often, on some days, as two or three times, and, as the boy was afflicted with a severe case of typhoid fever it is reasonable to suppose that he visited him almost daily at least, as such cases demand frequent visits and the most careful and constant watchfulness of a doctor. The boy's sickness was so severe that he required the services of a trained nurse for the whole time mentioned, and that it was thought necessary for her to go with him to St. Joseph, the home of defendant, in company with the doctor, at which time he was still very sick. The defendant also was one of the party attending the invalid at that time.

It was shown that one dollar and a half for a day visit and two dollars and a half for a night visit of a doctor to a patient was a reasonable charge, and that twenty dollars was a reasonable charge for the services of the doctor in going with the son to St. Joseph.

Des Mond, Admx. v. Kelly.

On the 5th of January defendant wrote the doctor to the effect that he did not know how many visits he had made to the son; that he wanted him to give the days and dates of such visits, stating that he had paid him the twenty dollars the day the doctor had brought the son home to St. Joseph. In another letter to the doctor, dated September 15, 1907, defendant stated that he had paid him ten dollars, and would try and send him a little more every pay day. It was also shown that defendant was present at one time while the doctor was treating his son, and that he expressed his satisfaction with the arrangement. These letters go to show that defendant recognized his indebtedness to the doctor in excess of the twenty days services rendered, and that he would continue to pay on each of his pay days until the whole was discharged.

In view of all the evidence and the reasonable inference to be drawn therefrom, it was sufficient to support the judgment. In view of the common knowledge that in severe cases of typhoid fever doctors visit their patients almost daily, and sometimes several times each day and often at night, and the other facts and circumstances in evidence, we think the verdict of the jury for $116.30 was not excessive.

The defendant filed a motion for a new trial, but filed no motion in arrest of judgment. The verdict was rendered on the 1st day of February, 1911. On the next day the defendant filed his motion for a new trial, and on the 6th day of the month filed an amended motion for a new trial. The action taken by the court was upon the original motion and no reference is made whatever to the amended motion. The respondent insists that the appellant has no standing on his bill of exceptions, as the record does not show that the court passed upon his amended motion for a new trial, which took the place of the one first filed. It was not necessary for the record to show that the court considered and acted on the amended motion for there

was but one motion, the original being merged in the amended motion. Therefore, the language of the recitation that the court overruled defendant's motion for a new trial is to be construed as passing on the motion then pending in the cause.

The defendant objected to the introduction of any evidence because the petition did not state a cause of action, in that, it failed to state that the doctor was a regularly licensed physician. The objection was not well taken. It is not necessary for us to discuss the question whether an unlicensed doctor can enforce payment for his services as such, for it was not made an issue in the case. Until that matter was made an issue the presumption would be that the doctor was a regularly licensed practicing physician. It is a rule of law, that nothing being shown to the contrary, that men do obey the law. If it was true that the doctor was not licensed as such, defendant should have raised the question by answer in order to have availed himself of that fact as a defense to the action.

It is further insisted that the plaintiff failed to prove the allegation in his petition that the services were rendered at the instance and request of defendant, and that they were necessary. The form of the pleading is of no consequence. Yet, we think, the evidence tended to support the allegation of the petition. Defendant knew the doctor was attending the son and rendering the necessary services. This was sufficient to raise the presumption that such services were rendered at his request. But it was not required that any such request should be made in order to render the defendant liable for their reasonable value, if they were such as come within the meaning of the term necessaries. It is argued that defendant was not liable unless it was shown that he failed to furnish such services. It is clear that he failed to furnish them and besides, he approved of them and nothing could make it more binding. Proof of the necessity

for the services, the approval of them while they were being rendered and a promise to pay afterwards, we think, sufficiently supported the allegations of the petition.

Appellant complains of the action of the court in refusing instructions on his part and giving others on the part of plaintiff, but we think there was no error in the action of the court in any of those matters. Every objection raised by appellant on the appeal is merely technical, except the one as to the sufficiency of plaintiff's evidence, which we have considered, and for the reason stated, it has been ruled against him. Affirmed. All concur.